# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               CASE NO.: 4:09-CR-67-SPM-WCS-1

TARRI LAFAVOR,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on the Defendant's Motion (doc. 31) to withdraw his previously entered guilty plea as to Count Two of the Information (doc. 1), which charges aggravated identity theft pursuant to 18 U.S.C. § 1028A, and to dismiss Count Two of the Information, consistently with the Court's ruling in the companion case of Defendant's co-conspirator, United States v. Amari Griffiths, 4:10-cr-3-SPM-WCS-1, that the passing of stolen checks does not constitute identity theft under the statute, pursuant to the parenthetical exclusion of tranfers originated solely by paper instrument from the definition of access devices under 18 U.S.C. § 1029(e). The Government has filed a response in opposition (doc. 32). For the reasons expressed herein, the motion to withdraw the guilty plea is GRANTED, and the motion to dismiss Count Two of the Information is DENIED.

I.  Factual Background

In October of 2009, the Defendant was charged in a two-count Information with conspiracy to defraud financial institutions and aggravated identity theft. The Defendant waived prosecution by indictment (doc. 9), and pleaded guilty to both counts on October 28, 2010. On June 21, 2010, the Court conducted a bench trial as to the aggravated identity theft count against the Defendant's co-conspirator, Amari Griffiths, during which Defense and Government counsel presented oral argument on the legal issue of whether the stipulated factual predicate of passing stolen checks constitutes identity theft pursuant to the applicable federal statutory scheme. On July 1, 2010, the Court issued an Order granting Amari Griffith's Motion for Judgment of Acquittal on the aggravated identity theft count, as passing a stolen check does not constitute identity theft pursuant to 18 U.S.C. § 1028A.

II.  Legal Standard and Analysis: Withdrawal of Guilty Plea

Defendant moves to withdraw his previously entered guilty plea to Count Two of the Information pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), which permits a court to withdraw a plea of guilty after its acceptance but prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." As it appears that the Defendant's plea of guilty to Count Two was based on a misunderstanding of the law, the Court finds that it is in the interest of justice to permit the Defendant to withdraw his plea of guilty to the aggravated identity theft charge.

III.     Legal Standard and Analysis: Motion to Dismiss Count Two of Information

A court may dismiss an information under Federal Rule of Criminal Procedure 12(b)(3)(B) for a legal infirmity, but cannot base a dismissal on factual determinations that must be developed at trial. United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 2006). The Court's review is limited to the face of the information and the language used to charge the crime. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). So long as the information is sufficiently specific to inform the defendant of the charges against him and the charging language sets forth the essential elements of the crime, the information will stand. Id.

Count Two of the Information charges the Defendant with using the means of identification, that is, the name and bank account number of another person, in relation to the conspiracy to commit bank fraud as charged in Count One. Count Two does not explain the manner in which the information provided was used, and does not specify that the activity involved a transaction originated solely by paper instrument, such as by check. Although the forgery and passing of a stolen check does not constitute identity theft under 18 U.S.C. § 1028A, pursuant to the exception to the classification of access devices for transfers originated solely by paper instrument found at 18 U.S.C. § 1029(e)(1), the independent use of information commonly found on a check, including the name and routing code, may still satisfy the statute as an unlawful use of the means of identification of another person pursuant to 18 U.S.C. § 1028(d)(7)(A) and (C).

The Court acknowledges that the Government concedes in its response that the allegation against the Defendant in Count Two of the Information is identical to the aggravated identity theft charge against the Defendant's co-conspirator, Amari Griffiths, except involving a different bank account holder. However, dismissing an information or indictment is an extraordinary measure, and the Court is foreclosed from going beyond the face of the charging instrument and looking to facts brought out in ancillary pleadings or to be raised at trial. See Sharpe, 438 F.3d at 1263 ("[I]t has become well-established that the sufficiency of a criminal indictment is determined from its face.") (internal citations omitted). Accordingly, the Defendant's Motion to dismiss Count Two of the Information is hereby DENIED, and the case will be set for trial on the aggravated identity theft charge.

**DONE AND ORDERED** this <u>tenth</u> day of August, 2010.

<u>    s/ Stephan P. Mickle    </u>
Stephan P. Mickle
Chief United States District Judge